IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ERIC WINSTON
ADC #105483                                                                                            PLAINTIFF

V.                                    NO: 5:08CV00174 BSM/HDY

MARSHAL GONDA *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.
2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed a *pro se*[1] complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on June 17, 2008, alleging excessive force and other constitutional violations in incidents occurring on June 27, 2005, July 14, 2005, and November 17, 2005.

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974. Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well. *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Liberally construing Plaintiff's complaint, he has stated a claim for relief. However, Plaintiff's complaint involves three separate incidents, and should be filed as separate cases. Plaintiff cannot defeat the filing fee requirements set forth in the Prison Litigation Reform Act, 28 U.S.C. § 1915, by joining in one lawsuit unrelated and legally distinct claims involving different Defendants and time periods. Given the nature of Plaintiff's unrelated claims, it would be difficult

for the parties to complete discovery, file appropriate motions, or present this case to a jury in a coherent manner.

Accordingly, the Court recommends that this case be dismissed, without prejudice, so that Plaintiff may bring his various claims in separate actions. Specifically, Plaintiff should refile separate complaints (and accompanying *in forma pauperis* applications) for each factually and legally related claim. It is generally the practice in this District to grant an *in forma pauperis* application, and assess an initial partial filing fee, before dismissing a prisoner's § 1983 action. However, the Court believes it would be more equitable in this case to deny the *in forma pauperis* application as moot and allow Plaintiff to start anew by filing several separate complaints (and *in forma pauperis* applications).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint (docket entry #2) be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's application for leave to proceed *in forma pauperis* (docket entry #1) be DENIED AS MOOT.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   9   day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE